| Attorney or Party Name, Address, Telephone & FAX Nos.,State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Cynthia Grande**<br>**3812 Sepulveda Blvd. Suite 220**<br>**Torrance, CA 90505**<br>**(310) 713-2334 Fax: (310) 933-6981**<br>**266549**<br>**info@thegrandelawfirm.com** | |

☐ *Individual appearing without attorney*
☑ *Attorney for Debtor*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re:

**Dino G. Guillen**

Debtor(s)

CASE NO.: **2:16-bk-10266**

CHAPTER: **13**

**SUMMARY OF AMENDED SCHEDULES,
MASTER MAILING LIST,
AND/OR STATEMENTS
[LBR 1007-1(c)]**

A filing fee is required to amend Schedules D, or E/F (see Abbreviated Fee Schedule on the Court's website www.cacb.uscourts.gov). A supplemental master mailing list (do not repeat any creditors on the original) is also required as an attachment if creditors are being added to the Schedule D or E/F. Are one or more creditors being added? ☐ Yes ☑ No

The following schedules, master mailing list or statements (check all that apply) are being amended:

☐ Schedule A/B        ☐ Schedule C        ☐ Schedule D        ☐ Schedule E/F        ☐ Schedule G

☐ Schedule H          ☐ Schedule I        ☐ Schedule J        ☐ Schedule J-2       ☐ Statement of Financial Affairs

☐ Statement About Your Social Security Number(s)    ☐ Statement of Intentions    ☐ Master Mailing List

☑ Other (specify) _SECOND AMENDED CHAPTER 13 PLAN AND AMENDED SCHEDULES "I" AND "J"_

I/we declare under penalty of perjury under the laws of the United States that the amended schedules, master mailing list, and or statements are true and correct.

Date: _11-14-16_

/s/ Dino G. Guillen
**Dino G. Guillen**
Debtor 1 Signature

_____
Debtor 2 (Joint Debtor) Signature (if applicable)

**NOTE:** It is the responsibility of the Debtor, or the Debtor's attorney, to serve copies of all amendments on all creditors listed in this Summary of Amended Schedules, Master Mailing List, and/or Statements, and to complete and file the attached Proof of Service of Document.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2015*                                    Page 1                                    F 1007-1.1.AMENDED.SUMMARY

| Attorney or Party Name, Address, Telephone & FAX Nos.:, State Bar No. & Email Address<br>Cynthia Grande 266549<br>Cynthia Grande<br>3812 Sepulveda Blvd. Suite 220<br>Torrance, CA 90505<br>(310) 713-2334 Fax: (310) 933-6981<br>266549<br>info@thegrandelawfirm.com<br><br>☐ Individual appearing without attorney<br>☑ Attorney for: Debtor | FOR COURT USE ONLY |
|---|---|

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| List all names (including trade names) used by the debtor within the last 8 years:<br><br>Dino G. Guillen<br>   AKA Dino Gilbert Guillen<br><br><br>Debtor(s). | CASE NO.:. **2:16-bk-10266**<br>CHAPTER **13**<br><br>**SECOND AMENDED CHAPTER 13 PLAN**<br><br>**CREDITORS MEETING:**<br>Date:<br>Time:    **COMPLETED**<br>Place:<br><br><br>**CONFIRMATION HEARING:**<br>Date:    11/16/16<br>Time:    11:00AM<br>Place:    255 E. Temple St. LA, CA 90012 |
|---|---|

## NOTICE

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. § 1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the chapter 13 trustee not less than 7 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this Plan. The Plan, if confirmed, modifies the rights and duties of the Debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C.§1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                                    Page 1                                          F3015-1.01.CHAPTER13.PLAN

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROVIDED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

The Debtor proposes the following Plan and makes the following declarations:

I. **PROPERTY AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE CHAPTER 13 TRUSTEE:**

   The Debtor submits the following to the supervision and control of the chapter 13 trustee:

   A. Payments by Debtor of **$767.00** per month for **10** months, then **$820.00** per month for **50** months. This monthly Plan Payment will begin within 30 days of the date the petition was filed.

   B. The base plan amount is $ **48,670.00** which is estimated to pay **0** % of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in this Plan for the full term of the Plan or until the base plan amount is paid in full, and the chapter 13 trustee may increase the percentage to be paid to creditors accordingly.

   C. Amounts necessary for the payment of postpetition claims allowed under 11 U.S.C. § 1305.

   D. Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the plan. Preconfirmation adequate protection payments and preconfirmation lease payments will be paid to the chapter 13 trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| -NONE- | | | |

   Each adequate protection payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The chapter 13 trustee shall deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured(s) creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the chapter 13 trustee's account. The chapter 13 trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate protection payments or preconfirmation lease payments.

   E. Other property: (*specify property or indicate none*)
      NONE

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                    Page 2                    F3015-1.01.CHAPTER13.PLAN

II. **ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:**
Except as otherwise provided in the Plan or by court order, the chapter 13 trustee shall disburse all available funds for the payment of claims as follows:

A. ORDER OF PAYMENTS:

1. If there are Domestic Support Obligations, the order of priority shall be:

    (a) Domestic Support Obligations and the chapter 13 trustee's fee not exceeding the amount accrued on payments made to date;

    (b) Administrative expenses (Class 1(a)) in an amount not exceeding __100__ % of each Plan Payment until paid in full;

2. If there are no Domestic Support Obligations, the order of priority shall be the chapter 13 trustee's fee not exceeding the amount accrued on payments made to date, and administrative expenses (Class 1(a)) in an amount not exceeding __100__ % of each Plan Payment until paid in full.

3. Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the chapter 13 trustee from the Plan Payment; such secured debt may be paid by the chapter 13 trustee commencing with the inception of Plan Payments.

4. Subject to 1, 2, and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

5. No payment shall be made on nonpriority unsecured claims until all secured and priority claims have been paid in full.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 3    **F3015-1.01.CHAPTER13.PLAN**

B. CLASSIFICATION AND TREATMENT OF CLAIMS:

### CLASS 1
### ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507

The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4).

| | CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|
| a. | Administrative Expenses | | | | | |
| (1) | Chapter 13 trustee's fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | | | |
| (2) | Attorney's Fees | $3,300.00 | | $660.00 | 5 | $3,300.00 |
| (3) | Chapter 7 trustee's fees | | | | | |
| (4) | Other | | | | | |
| b. | Other Priority Claims | | | | | |
| (1) | Internal Revenue Service | | | | | |
| (2) | Franchise Tax Board | | | | | |
| (3) | Domestic Support Obligation | | | | | |
| (4) | Other | | | | | |
| c. | Domestic Support Obligations that are not to be paid in full in the Plan (*specify creditor name*): | | | | | |
| | | | | | | |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012         Page 4         F3015-1.01.CHAPTER13.PLAN

### CLASS 2

**CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES <u>AFTER</u> THE FINAL PLAN PAYMENT IS DUE**

1. ☐ The postconfirmation monthly mortgage payment will be made by the chapter 13 trustee from the Plan Payment to:
2. ☑ The postconfirmation monthly mortgage payment will be made by the Debtor directly to:

| Citi Mortgage | xxxxxxx7900 |
|---|---|
| (name of creditor) | (last 4 digits of account number) |
| Nationstar Mortgage | 5386 |
| (name of creditor) | (last 4 digits of account number) |

The Debtor will cure all prepetition arrearages for the primary residence through the Plan Payment as set forth below.

| | | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| Name of Creditor | Last 4 Digits of Account Number | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| Nationstar Mortgage | | $40,528.00 | 0 | $723.71 | 56 | $40,528.00 |

### CLASS 3

**CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL DURING THE TERM OF THE PLAN**

| Name of Creditor | Last 4 Digits of Account No. | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | Equal Monthly Payment | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012    Page 5    F3015-1.01.CHAPTER13.PLAN

## CLASS 4

### OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE

1. ☐ The postconfirmation monthly payment pursuant to the promissory note will be made by the chapter 13 trustee from the Plan Payment to:

2. ☐ The postconfirmation monthly payment pursuant to the promissory note will be made by the Debtor directly to:

_____                      _____
(name of creditor)                                     (last 4 digits of account number)

_____                      _____
(name of creditor)                                     (last 4 digits of account number)

**The Debtor will cure all prepetition arrearages on these claims through the Plan Payment as set forth below.**

| Name of Creditor | Last 4 Digits of Account Number | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| | | | | | | |
| | | | | | | |

## CLASS 5

### NON-PRIORITY UNSECURED CLAIMS

The Debtor estimates that non-priority unsecured claims total the sum of **$74,076.00**.

Class 5 claims will be paid as follows:

(Check one box only.)

☑ Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro rata.

OR

☐ Class 5 claims will be divided into subclasses as shown ~~on the attached exhibit~~ *directly below* (which also shows the justification for the differentiation among the subclasses) and the creditors in each subclass will be paid pro rata.

### III. COMPARISON WITH CHAPTER 7

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in chapter 7 would be $ **0.00** which is estimated to pay **0** % of the scheduled nonpriority unsecured debt.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                           Page 6                           F3015-1.01.CHAPTER13.PLAN

## IV. PLAN ANALYSIS

| | |
|---|---:|
| CLASS 1a | $3,300.00 |
| CLASS 1b | $0.00 |
| CLASS 1c | $0.00 |
| CLASS 2 | $40,528.00 |
| CLASS 3 | $0.00 |
| CLASS 4 | $0.00 |
| CLASS 5 | $18.90 |
| SUB-TOTAL | $43,846.90 |
| CHAPTER 13 TRUSTEE'S FEE (Estimated 11% unless advised otherwise) | $4,823.10 |
| TOTAL PAYMENT | $48,670.00 |

## V. OTHER PROVISIONS

A. The Debtor rejects the following executory contracts and unexpired leases.
   **Name of Other Party:**           **Description of contract/lease:**
   -NONE-

B. The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):
   **Name of Other Party:**           **Description of contract/lease:**
   -NONE-

C. In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any preconfirmation payments, directly to the following:
   **Creditor Name:**           **Monthly Payment:**
   -NONE-

D. The Debtor hereby surrenders the following personal or real property. (*identify property and creditor to which it is surrendered*):
   **Creditor Name:**           **Description:**
   -NONE-

E. The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

F. Miscellaneous provisions: (*use attachment, if necessary*): **Debtor is currently in a trial modification period for the Citimortgage, Inc. (POC #3-1) which will cure arrears. Motion to Approve Loan Modification was filed on 11/8/2016 as Docket #30.**

G. The chapter 13 trustee is authorized to disburse funds after the date confirmation is announced in open court.

H. The Debtor will pay timely all postconfirmation tax liabilities directly to the appropriate taxing authorities as they come due.

I. The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                    Page 7                    F3015-1.01.CHAPTER13.PLAN

**VI. REVESTING OF PROPERTY**

Property of the estate shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the Plan, the chapter 13 trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the LBRs. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

Date: **November 14, 2016**

/s/ Cynthia Grande
Cynthia Grande 266549
266549
Attorney for Debtor

/s/ Dino G. Guillen
Dino G. Guillen
Debtor

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*     *Page 8*     F3015-1.01.CHAPTER13.PLAN

Fill in this information to identify your case:

Debtor 1: Dino G. Guillen

Debtor 2 (Spouse, if filing):

United States Bankruptcy Court for the: CENTRAL DISTRICT OF CALIFORNIA

Case number (If known): 2:16-bk-10266

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 income as of the following date:
_____
MM / DD / YYYY

Official Form 106I

## Schedule I: Your Income

12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Employment

1. Fill in your employment information.

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| Employment status | ■ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
| Occupation | Self Employed | |
| Employer's name | D. Star Studio (Frame Maker) | |
| Employer's address | 1011 E. Alondra Blvd., Compton, CA 90221-4331 | |
| How long employed there? | 24 Years | |

### Part 2: Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | $ 3,243.00 | $ N/A |
| 3. | Estimate and list monthly overtime pay. | +$ 0.00 | +$ N/A |
| 4. | Calculate gross Income. Add line 2 + line 3. | $ 3,243.00 | $ N/A |

Official Form 106I                    Schedule I: Your Income                    page 1

Debtor 1  Dino G. Guillen    Case number (if known) 2:16-bk-10266

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| | Copy line 4 here | 4. | $ 3,243.00 | $ N/A |
| 5. | List all payroll deductions: | | | |
| 5a. | Tax, Medicare, and Social Security deductions | 5a. $ | 278.00 | $ N/A |
| 5b. | Mandatory contributions for retirement plans | 5b. $ | 0.00 | $ N/A |
| 5c. | Voluntary contributions for retirement plans | 5c. $ | 0.00 | $ N/A |
| 5d. | Required repayments of retirement fund loans | 5d. $ | 0.00 | $ N/A |
| 5e. | Insurance | 5e. $ | 0.00 | $ N/A |
| 5f. | Domestic support obligations | 5f. $ | 0.00 | $ N/A |
| 5g. | Union dues | 5g. $ | 0.00 | $ N/A |
| 5h. | Other deductions. Specify: _____ | 5h.+ $ | 0.00 | + $ N/A |
| 6. | Add the payroll deductions. Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. $ | 278.00 | $ N/A |
| 7. | Calculate total monthly take-home pay. Subtract line 6 from line 4. | 7. $ | 2,965.00 | $ N/A |
| 8. | List all other income regularly received: | | | |
| 8a. | Net income from rental property and from operating a business, profession, or farm. Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. $ | 280.00 | $ N/A |
| 8b. | Interest and dividends | 8b. $ | 0.00 | $ N/A |
| 8c. | Family support payments that you, a non-filing spouse, or a dependent regularly receive. Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. $ | 0.00 | $ N/A |
| 8d. | Unemployment compensation | 8d. $ | 0.00 | $ N/A |
| 8e. | Social Security | 8e. $ | 834.00 | $ N/A |
| 8f. | Other government assistance that you regularly receive. Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: _____ | 8f. $ | 0.00 | $ N/A |
| 8g. | Pension or retirement income | 8g. $ | 0.00 | $ N/A |
| 8h. | Other monthly income. Specify: _____ | 8h.+ $ | 0.00 | + $ N/A |
| 9. | Add all other income. Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. $ | 1,114.00 | $ N/A |
| 10. | Calculate monthly income. Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. $ 4,079.00 + $ N/A = $ 4,079.00 | | |

11. State all other regular contributions to the expenses that you list in Schedule J.
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in Schedule J.
Specify: _____    11. +$ 0.00

12. Add the amount in the last column of line 10 to the amount in line 11. The result is the combined monthly income.
Write that amount on the Summary of Schedules and Statistical Summary of Certain Liabilities and Related Data, if it applies    12. $ 4,079.00
Combined monthly income

13. Do you expect an increase or decrease within the year after you file this form?
☒ No.
☐ Yes. Explain: _____

Official Form 106I    Schedule I: Your Income    page 2

Fill in this information to identify your case:

Debtor 1: Dino G. Guillen

Debtor 2: _____
(Spouse, if filing)

United States Bankruptcy Court for the: CENTRAL DISTRICT OF CALIFORNIA

Case number: 2:16-bk-10266
(If known)

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:
_____
MM / DD / YYYY

Official Form 106J
## Schedule J: Your Expenses
12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Your Household

1. Is this a joint case?

   ■ No. Go to line 2.
   ☐ Yes. Does Debtor 2 live in a separate household?
      ☐ No
      ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. Do you have dependents?    ■ No
   Do not list Debtor 1 and   ☐ Yes. Fill out this information for each dependent..............
   Debtor 2.

   Do not state the dependents names.

   | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|
   | _____ | _____ | ☐ No ☐ Yes |
   | _____ | _____ | ☐ No ☐ Yes |
   | _____ | _____ | ☐ No ☐ Yes |
   | _____ | _____ | ☐ No ☐ Yes |

3. Do your expenses include expenses of people other than yourself and your dependents?    ■ No    ☐ Yes

### Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

**Your expenses**

4. The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot.    4. $    1,006.00

   If not included in line 4:

   4a. Real estate taxes                                              4a. $    0.00
   4b. Property, homeowner's, or renter's insurance                  4b. $    0.00
   4c. Home maintenance, repair, and upkeep expenses                 4c. $    50.00
   4d. Homeowner's association or condominium dues                   4d. $    0.00

5. Additional mortgage payments for your residence, such as home equity loans    5. $    1,378.00

Official Form 106J                    Schedule J: Your Expenses                    page 1

Debtor 1  Dino G. Guillen                                            Case number (if known)  2:16-bk-10266

6. Utilities:
   6a. Electricity, heat, natural gas                                    6a. $    70.00
   6b. Water, sewer, garbage collection                                  6b. $    40.00
   6c. Telephone, cell phone, Internet, satellite, and cable services    6c. $    40.00
   6d. Other. Specify: _____                                   6d. $     0.00
7. Food and housekeeping supplies                                        7.  $   300.00
8. Childcare and children's education costs                              8.  $     0.00
9. Clothing, laundry, and dry cleaning                                   9.  $    30.00
10. Personal care products and services                                  10. $    51.00
11. Medical and dental expenses                                          11. $    25.00
12. Transportation. Include gas, maintenance, bus or train fare.
    Do not include car payments.                                         12. $   125.00
13. Entertainment, clubs, recreation, newspapers, magazines, and books   13. $    20.00
14. Charitable contributions and religious donations                     14. $     0.00
15. Insurance.
    Do not include insurance deducted from your pay or included in lines 4 or 20.
    15a. Life insurance                                                  15a. $    0.00
    15b. Health insurance                                                15b. $    0.00
    15c. Vehicle insurance                                               15c. $  124.00
    15d. Other insurance. Specify: _____                       15d. $    0.00
16. Taxes. Do not include taxes deducted from your pay or included in lines 4 or 20.
    Specify: _____                                             16. $     0.00
17. Installment or lease payments:
    17a. Car payments for Vehicle 1                                      17a. $    0.00
    17b. Car payments for Vehicle 2                                      17b. $    0.00
    17c. Other. Specify: _____                                 17c. $    0.00
    17d. Other. Specify: _____                                 17d. $    0.00
18. Your payments of alimony, maintenance, and support that you did not report as
    deducted from your pay on line 5, Schedule I, Your Income (Official Form 106I).  18. $  0.00
19. Other payments you make to support others who do not live with you.      $  0.00
    Specify: _____                                             19.
20. Other real property expenses not included in lines 4 or 5 of this form or on Schedule I: Your Income.
    20a. Mortgages on other property                                     20a. $    0.00
    20b. Real estate taxes                                               20b. $    0.00
    20c. Property, homeowner's, or renter's insurance                    20c. $    0.00
    20d. Maintenance, repair, and upkeep expenses                        20d. $    0.00
    20e. Homeowner's association or condominium dues                     20e. $    0.00
21. Other: Specify: _____                                      21. +$    0.00

22. Calculate your monthly expenses
    22a. Add lines 4 through 21.                                         $  3,259.00
    22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2    $
    22c. Add line 22a and 22b. The result is your monthly expenses.      $  3,259.00

23. Calculate your monthly net income.
    23a. Copy line 12 (your combined monthly income) from Schedule I.    23a. $  4,079.00
    23b. Copy your monthly expenses from line 22c above.                 23b. -$ 3,259.00
    23c. Subtract your monthly expenses from your monthly income.
         The result is your monthly net income.                          23c. $   820.00

24. Do you expect an increase or decrease in your expenses within the year after you file this form?
    For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?
    
    ■ No.
    ☐ Yes.   Explain here: _____

Official Form 106J              Schedule J: Your Expenses                          page 2

| In re: | | CHAPTER: 13 |
|---|---|---|
| Dino G. Guillen | Debtor(s). | CASE NUMBER: 2:16-bk-10266 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**3812 Sepulveda Blvd. Suite 220**
**Torrance, CA 90505**

A true and correct copy of the foregoing document entitled (*specify*): **SECOND AMENDED CHAPTER 13 PLAN AND AMENDED SCHEDULES "I" AND "J"** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On ____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **November 14, 2016**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
**NANCY K. CURRY, 1000 Wilshire Blvd., Suite #870, Los Angeles, CA 90017**
**U.S. TRUSTEE, 915 Wilshire Blvd., Suite #1850, Los Angeles, CA 90017**

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 14, 2016 | MINERVA CAPISTRANO | /s/ Minerva Capistrano |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

9013-3.1.PROOF.SERVICE

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | |
|---|---|
| Cynthia Grande<br>Cynthia Grande<br>3812 Sepulveda Blvd. Suite 220<br>Torrance, CA 90505<br>(310) 713-2334 Fax: (310) 933-6981<br>266549<br>info@thegrandelawfirm.com<br>Attorney for: Debtor | CASE NO.: **2:16-bk-10266**<br>CHAPTER: **13**<br>ADVERSARY NO.:<br>(if applicable) |
| In re:<br><br>Dino G. Guillen<br>Debtor(s). | **ELECTRONIC FILING DECLARATION<br>(INDIVIDUAL)**<br>[LBR 1002-1(f)] |

☐ Petition, statement of affairs, schedules or lists — Date Filed: _____
☐ Amendments to the petition, statement of affairs, schedules or lists — Date Filed: _____
☒ Other (specify): SECOND AMENDED CHAPTER 13 PLAN AND AMENDED SCHEDULE I AND J — Date Filed: 11-14-16

**PART I - DECLARATION OF DEBTOR(S) OR OTHER PARTY**

I (We), the undersigned Debtor(s) or other party on whose behalf the above-referenced document is being filed (Signing Party), declare under penalty of perjury that: (1) I have read and understand the above-referenced document being filed electronically (Filed Document); (2) the information provided in the Filed Document is true, correct and complete; (3) the "/s/," followed by my name, on the signature line(s) for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature line(s); (4) I have actually signed a true and correct printed copy of the Filed Document in such places and provided the executed printed copy of the Filed Document to my attorney; and (5) I have authorized my attorney to file the electronic version of the Filed Document and this *Declaration* with the United States Bankruptcy Court for the Central District of California. If the Filed Document is a petition, I further declare under penalty of perjury that I have completed and signed a *Statement About Your Social Security Numbers* (Official Form 121) and provided the executed original to my attorney.

Date: 11-14-16

Signature (handwritten) of Debtor or signing party
**Dino G. Guillen**
Printed name of Signing Party

Date: _____

Signature (handwritten) of Debtor 2 (Joint Debtor) (if applicable)
Printed name of Debtor 2, if applicable

**PART II - DECLARATION OF ATTORNEY FOR SIGNING PARTY**

I, the undersigned attorney for the Signing Party, declare under penalty of perjury that: (1) the "/s/," followed by my name, on the signature lines for the attorney for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature lines; (2) the Signing Party signed *Part 1 - Declaration of Debtor(s) or Other Party of this Declaration* before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (3) I have actually signed a true and correct printed copy of the Filed Document in the locations that are indicated by "/s/," followed by my name, and have obtained the signature(s) of the Signing Party in the locations that are indicated by "/s/," followed by the Signing Party's name, on the true and correct printed copy of the Filed Document; (4) I shall maintain the executed originals of this *Declaration* and the Filed Document for a period of five years after the closing of the case in which they are filed; and (5) I shall make the executed originals of this *Declaration* and the Filed Document available for review upon request of the court or other parties. If the Filed Document is a petition, I further declare under penalty of perjury that: (1) the Signing Party completed and signed the *Statement About Your Social Security Numbers* (Official Form 121) before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (2) I shall maintain the executed original of the *Statement About Your Social Security Numbers* (Official Form 121) for a period of five years after the closing of the case in which they are filed; and (3) I shall make the executed original of the Statement About Your *Social Security Numbers* (Official Form 121) available for review upon request of the court.

Date: 11-14-16

/s/ Cynthia Grande
Signature (handwritten) of attorney for Signing Party
**Cynthia Grande 266549**
Printed Name of attorney for Signing Party